CONCURRING OPINION

PRICE, J.,
filed a concurring opinion.
I join Parts I and IIA of the Court’s opinion today and otherwise concur in the result. I do not join Part IIB. For present purposes, suffice it to say that I continue to disagree with the Court’s decidedly non-diagnostic approach to evaluating the adaptive-deficits prong of the standard for determining intellectual disability vel non.[1] Particularly after the recent opinion of the United States Supreme Court in Hall v. Florida,[2]1 should think that the writing is on the wall for the future viability of Ex parte Briseno,[3]

. See Peggy M. Tobolowsky, Different Path Taken: Texas Capital Offenders' Post-Atkins Claims of Mental Retardation, 39 Hastings Const. L.Q. 1, 123-25, 163-66 (Fall 2011) (discussing and quoting extensively from my unpublished dissenting opinion in Lizcano v. State, No. AP-75,879, 2010 WL 1817772 (Tex.Crim.App. delivered May 5, 2010) (not designated for publication)).

. - U.S. -, 134 S.Ct. 1986, 188 L.Ed.2d 1007 (2014). Hall found Florida's approach to determining the first prong of the standard for intellectual disability, the significantly-subaverage-general-intellectual-functioning prong, to be unconstitutionally narrow. In my view, Texas’s approach to determining the second prong, the adaptive-deficits prong, is unconstitutionally over-inclusive — insufficiently tied to the clinical diagnostic criteria and all too open to non-scientific, impressionistic considerations to withstand Eighth Amendment scrutiny. Tobolowsky, 39 Hast. Const. L.Q. at 163-66 (citing and quoting from Lizcano v. State, 2010 WL 1817772, at *32-40 (Price, J., dissenting)).

. 135 S.W.3d 1 (Tex.Crim.App.2004). See Tobolowsky, 39 Hast. Const. L.Q. at 173 ("[T]he Briseno factors remain a leading candidate for [Supreme] Court scrutiny.”).